UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANNY L. MOORMAN,

    Plaintiff,

v.                                           Case No:   5:17-cv-112-Oc-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff, Danny L. Moorman, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on July 1, 2013, alleging a disability onset date of June 30, 2012. (Tr. 161-63). Plaintiff's application was denied initially on September 6, 2013, and upon reconsideration on January 3, 2014. (Tr. 101-04, 106-11). Plaintiff requested a hearing and, on November 4, 2015, an administrative hearing was held before Administrative Law Judge Maria Teresa Mandry ("the ALJ"). (Tr. 38-67). On December 3, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability from June 30, 2012, through the date of the decision. (Tr. 23-37). Plaintiff filed a request for review which the Appeals Council denied on January 12, 2017. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 17, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2012, the alleged onset date. (Tr. 25). At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes type I, non-proliferative diabetic retinopathy, diabetic neuropathy, depression secondary to diabetes, and dysthymic disorder. (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to carry, lift, push and pull twenty pounds occasionally and ten frequently; he can sit, stand or walk for about six hours each in an 8-hour day with the usual breaks. He is able to frequently reach, handle and finger. Mentally, he is able to understand, retain and carry out simple instructions and consistently and usefully perform routine tasks on a sustained basis with normal supervision. He is able to occasionally interact with the public, coworkers and supervisors and is able to adjust to the demands of most new task settings.

(Tr. 27-28) (footnote describing requirements of light work removed). At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a delivery driver as the job is actually and normally performed as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 32). In reaching this decision, the ALJ relied on the testimony of a vocational expert who testified that an individual with Plaintiff's RFC could perform the work of a delivery driver as actually and generally performed in the national economy. (Tr. 33). The ALJ concluded that Plaintiff had not been under a disability from June 20, 2012, through the date of the decision, December 3, 2015. (Tr. 33).

**II.    Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to find that Plaintiff's ADHD, obstructive sleep apnea, and back impairment were severe impairments; and (2) whether the ALJ erred by failing to follow Social Security Ruling 00-4p and relying on the testimony of a vocational expert that was inconsistent with the Dictionary of Occupational Titles. The Court will address each issue in turn.

### a) Whether the ALJ erred by failing to find that Plaintiff's ADHD, obstructive sleep apnea, and back impairment were severe impairments.

Plaintiff argues the ALJ erred by failing to find that his ADHD, obstructive sleep apnea, and back impairment were severe impairments. (Doc. 18 p. 12-16). Plaintiff argues that the ALJ incorrectly found that Plaintiff did not require treatment for ADHD and rejected ADHD as a severe impairment improperly for that reason. (Doc. 18 p. 13-14). Plaintiff contends that the ALJ impermissibly ignored evidence showing Plaintiff complained of back pain. (Doc. 18 p. 14). Finally, Plaintiff contends that the ALJ erred by failing to find sleep apnea was a severe impairment despite the record showing complaints of tiredness, low energy, and fatigue. (Doc. 18 p. 15). Plaintiff contends that these errors pervaded the sequential analysis and that the RFC failed to account for these impairments. (Doc. 18 p. 16).

In response, Defendant argues that the ALJ properly determined that Plaintiff's ADHD, obstructive sleep apnea, and back impairment were not severe. (Doc. 19 p. 6-11). Defendant contends that the ALJ articulated an adequate rationale for finding that Plaintiff's ADHD was not severe, discussed Plaintiff's alleged back impairment and explained his reasons for finding it not severe, and discussed Plaintiff's testimony concerning his trouble sleeping. (Doc. 19 p. 7-10). Defendant notes that Plaintiff was not diagnosed with sleep apnea until May 2015, shortly before the ALJ's decision, and Plaintiff was described as not having sleep apnea on a number of occasions throughout the relevant period. (Doc. 19 p. 10).

At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§

404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the Court finds that the ALJ did not err by failing to find Plaintiff's ADHD, sleep apnea, and back impairment to be severe impairments. In her decision, the ALJ found that Plaintiff had multiple severe impairments and proceeded with the sequential evaluation. Thus, the ALJ thus satisfied the threshold requirement of step two.

The Court rejects Plaintiff's contention that the ALJ's finding that Plaintiff's ADHD, sleep apnea, and back impairment were not severe impairments "pervades the sequential analysis and affects the RFC determination. The ALJ's decision shows that despite not finding these impairments to be severe, the ALJ nevertheless considered them in her decision. The ALJ specifically addressed Plaintiff's ADHD, noting that Plaintiff reported difficulty concentrating and was diagnosed with ADHD, but that Plaintiff had not require medication therapy or extensive treatment for the condition. (Tr. 25). Plaintiff notes, correctly, that the ALJ's statement was not

factually correct because the record shows he had been prescribed Bupropion. (Doc. 18 p. 13). While the ALJ was not correct that Plaintiff had not received medication therapy for his ADHD, the record shows that Plaintiff took Bupropion on an intermittent basis and stopped the medication frequently, despite reporting it helped his symptoms and he was able to concentrate better. (Tr. 55, 302, 305, 341, 350, 40, 564, 1398, 14717, 1933). Plaintiff has failed to show that his ADHD caused limitations greater than those assessed by the ALJ in her RFC finding and, thus, even if Plaintiff's ADHD imposed some limitation on his ability to work, the ALJ's mental RFC accounted for the limitation.

Thee ALJ also discussed Plaintiff's alleged lower back impairment in formulating her RFC. The ALJ noted and the record shows that Plaintiff consistently denied any musculoskeletal symptoms (Tr. 30, 359, 413, 429, 469, 507, 579, 607, 617, 633, 749, 787, 859, 886, 1355 897, 912, 950, 1177, 1227, 1319, 1368, 1389, 1408, 1913, 1923, 2086, 2104). Treatment notes reveal unremarkable examination findings, stating Plaintiff had normal, "coordinated and smooth" gait with no joint deformities, no redness or warmth, and full muscle strength. (Tr. 30, 1881, 1904, 1906, 1956, 2036). The ALJ also discussed that Plaintiff's imaging studies revealed "normal" to "very mild" findings. (Tr. 30, 439, 1723). Plaintiff has failed to show that his alleged back impairment imposed limitations greater than those found by the ALJ in her RFC finding.

As for Plaintiff's sleep apnea, while the ALJ did not directly address Plaintiff's diagnosis, the ALJ did discuss Plaintiff's testimony that he had trouble sleeping, noting Plaintiff "stated that he tossed and turned throughout the night and did not sleep well." (Tr. 28, 55). Plaintiff's sleep apnea diagnosis did not appear until May 2015, just shortly before the ALJ's decision, and Plaintiff was described as not having sleep apnea on a number of occasions throughout the relevant period. (Tr. 717, 721, 1051, 1090, 1113, 1141, 1146, 1654, 2023). The results of Plaintiff's sleep study

reveal his sleep apnea was described as mild in frequency with only mild oxygen desaturations and mild to moderate snoring. (Tr. 2023). Plaintiff simply fails to demonstrate that Plaintiff's sleep apnea causes him limitations greater than those imposed in the RFC.

The ALJ found that Plaintiff had at least some severe impairments and continued the sequential evaluation process considering Plaintiff's ADHD, back impairment, and difficulties sleeping. For these reasons, the Court finds no error in the ALJ's step two finding.

### b) Whether the ALJ erred by failing to follow Social Security Ruling 00-4p and relying on the testimony of a vocational expert that was inconsistent with the Dictionary of Occupational Titles.

Plaintiff argues that the vocational expert's testimony conflicts with the Dictionary of Occupational Titles ("DOT"). (Doc. 18 p. 16). Specifically, Plaintiff contends that the vocational expert's testimony that Plaintiff could perform his past relevant work as a delivery driver conflicts with the DOT, as the DOT specifies that delivery driver has a reasoning level of two, which requires the ability to carry out detailed instructions, and Plaintiff is limited to carrying out simple instructions. (Doc. 18 p. 17). Further, Plaintiff argues that the ALJ erred by failing to inquire whether there was a conflict between the vocational expert testimony and the DOT as required by Social Security Ruling 00-4p. (Doc. 18 p. 16-18).

In response, Defendant argues that there is no inconsistency between the vocational expert's testimony and the DOT, as a reasoning level of two is not inconsistent with Plaintiff's mental RFC. (Doc. 19 p. 12). In addition, Defendant argues that while Plaintiff is correct that the ALJ did not ask the vocational expert whether his testimony conflicted with the DOT, the error was harmless because Plaintiff has failed to show that an actual conflict existed between the vocational expert's testimony and the DOT. (Doc. 19 p. 13).

Here, the Court finds that the ALJ erred by failing to resolve an apparent conflict between the vocational expert's testimony and the DOT. The DOT provides that the delivery driver position identified by the vocational expert requires a reasoning level of two. Jobs with a reasoning level of two require an individual to "[a]pply commonsense understanding to carry out <u>detailed</u> but uninvolved written or oral instructions." Appendix C to DOT, 1991 WL 688702 (emphasis added). Plaintiff's RFC finding and the hypothetical question to the vocational expert, however, specified a limitation to only understanding, retaining, and carrying out only <u>simple</u> instructions. (Tr. 27). Thus, the vocational expert's testimony that a person with Plaintiff's RFC could perform the delivery driver position conflicted with the DOT.

Social Security Ruling 00-4p provides that "[w]hen there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." Here, the ALJ failed to resolve the apparent conflict or ask the vocational expert if his testimony was consistent with the DOT. The ALJ's failure to do so constitutes reversible error.

On remand, the ALJ shall resolve the conflict between the vocational expert's testimony and the DOT and conduct any additional proceedings as necessary.

**III.  Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties